FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 13 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRAVIS HALL,

                Petitioner,

  -against-

**ORDER**
14-CV-7541 (SJF)

SUFFOLK COUNTY,

                Respondent.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

On August 22, 2014, Travis Hall ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York, seeking to withdraw his New York Criminal Procedure Law 330.20 plea. By Order dated September 25, 2014, the Honorable Loretta A. Preska, District Judge, Southern District of New York, granted petitioner's application to proceed *in forma pauperis*. DE 5. By Order dated December 3, 2014, Judge Preska ordered petitioner to file an amended petition under 28 U.S.C. § 2254, based upon her finding that petitioner sought to challenge the state court judgment on the ground he was in custody in violation of the constitution or laws or treaties of the United States. DE 11. Petitioner was advised that in order to proceed, he was required to have exhausted all of his state court remedies and was directed to state in detail the steps taken in this regard. *Id.* The Order also held that if the amended petition reflected that petitioner had not fully exhausted his state court remedies, it would be dismissed without prejudice. *Id.*

On December 12, 2014, petitioner filed an amended petition pursuant to 28 U.S.C. § 2254 (DE 12) and on December 24, 2014, this case was transferred to the Eastern District of New York pursuant to Judge Preska's Order (DE 13) and assigned to this Court.

On March 5, 2015, petitioner filed, in the Eastern District of New York, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 under docket number 15-CV-1459, seeking relief identical to that sought in his § 2241 petition filed in the Southern District and the amended petition.

The "Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations." *Kellen Co., Inc. v. Calphalon Corp.*, 54 F. Supp. 2d. 218, 221 (S.D.N.Y. 1999) (citing cases). *See Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) ("As a general rule, '[w]here there are two competing lawsuits, the first suit should have priority.' ") (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). Accordingly, because petitioner alleges that he is being held in custody in violation of the constitution, laws or treaties of the United States, his 28 U.S.C. § 2241 petition is deemed to be pursuant to 28 U.S.C. § 2254 and this proceeding is consolidated with docket number 14-CV-7541. **The Clerk of the Court shall close docket number 15-CV-1459 and direct any further filings in that case to docket number 14-CV-7541.**

A review of the amended petition establishes that petitioner has not exhausted his state court remedies. According to the petition, on March 22, 2012, after a bench trial in the state court, petitioner was found guilty of two (2) counts of arson in the second degree. Pet. ¶¶ 1-8. Petitioner did not appeal from the judgment of conviction, *id.* at ¶ 9, and has not filed any petitions, applications or motions with respect to the judgment in any state or federal court.[1] *Id.*

---

[1] In response to a question asking whether there are any appeals or petitions pending in any state or federal court with regard to the judgment at issue, petitioner wrote that he "applied for the 2nd department of Brooklyn." Pet. ¶ 15. However, where the petition asks if he appealed

-2-

at ¶ 11. Accordingly, petitioner has not exhausted his state court remedies and his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice and the Clerk of the Court shall close this case.

As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

Dated: May 13, 2015
      Central Islip, New York

                                                /s/
                                  Sandra J. Feuerstein, U.S.D.J.

---

from the judgment of conviction, petitioner checked off "No," indicating that he had not appealed, *id.* at ¶ 9, and also indicated that he had not previously filed any petitions, applications, or motions with respect to the judgment in any state or federal court, *id.* at ¶ 11, and left blank any answers concerning appellate or other review, *id.* at ¶¶ 10, 12.